# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO: 09-167 |
| RICKIE BRADLEY | SECTION: "C" |

## ORDER & REASONS

Before the Court is motion for new trial filed by the defendant Rickie Bradley ("Bradley"). (Rec. Doc. 118). Having reviewed the facts, memoranda, and the law, the Motion is DENIED.

Defendant Bradley filed a motion for new trial under Rule 33 of the Federal Rules of Criminal Procedure, claiming that newly discovered evidence warrants a new trial. On November 3, 2010, Bradley was convicted of conspiring to distribute and possess with the intent to distribute more than 100 kilograms of marijuana, 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) and of communicating interstate with the intent to extort, 18 U.S.C. § 875(b). The newly discovered evidence consists of casino records between November 2005 and August 2008 that Bradley alleges weakens or contradicts testimony of government witnesses and strengthens Bradley's own testimony regarding his whereabouts at various points during that period. The government argues in opposition that the evidence was available, is relative only to impeachment, and would not produce a different result at a new trial. (Rec. Doc. 122).

The elements of a new trial based on newly discovered evidence are: "(1) the evidence is newly discovered and unknown to the defendant at the time of trial; (2) the failure to detect the evidence was not due to the defendant's lack of diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence if introduced at a

new trial would probably produce an acquittal." *U.S. v. Piazza*, 647 F.3d 559, 565 (5th Cir. 2011). All elements must be met for the movant to prevail. *U.S. v. Jaramillo*, 42 F.3d 920, 924-925 (5th Cir. 1995).

Bradley does not even attempt to argue that the newly discovered evidence was unknown to him at trial. He states only that, in preparation for sentencing, his counsel "learned that [he] was an avid gambler who patronized casinos on both the Mississippi Gulf Coast and in Indiana [...]." (Rec. Doc. 118 at 2). Nor does he address why he failed to introduce evidence of his gambling activities at trial, besides admitting his own failure to inform his counsel about his gambling hobby. *Id.*

Additionally, the evidence is not material and only serves to impeach testimony given at trial. Specifically, Bradley argues that Hollywood Casino records indicating that he was there on March 16, 17, and 20-23, 2008 and Majestic Casino records indicating that he was there on August 28 and August 31, 2008 undermine Bernard Tusa, Dawn Naquin, and Special Agent Scott Brownlie's testimony at trial Bradley's whereabouts in March and August of 2008, respectively. (Rec. Doc. 118-2 at 5-6). However, even if the newly discovered evidence contradicts trial testimony, it does not justify a new trial if offered merely to impeach. *See U.S. v. Wall*, 389 F.3d 457, 470 (5th Cir. 2004); *U.S. v. Pena*, 949 F.2d 751, 758-759 (5th Cir. 1991). Here, the casino records do not change the key facts surrounding Bradley's drug and extortion-related activities during that period. As such, the Court finds that the newly discovered evidence would not produce a different result than the one reached by the jury at trial.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant Rickie Bradley's Motion for New Trial is DENIED. (Rec. Doc. 118).

**IT IS FURTHER ORDERED** that sentencing shall take place as scheduled, on September 28, 2011, at 9:00 a.m. (Rec. Doc. 121).

New Orleans, Louisiana, this 26th day of September, 2011.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**